UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60306-Civ-COOKE/TURNOFF

LAURA M. WATSON,

    Plaintiff,

vs.

THE FLORIDA JUDICIAL
QUALIFICATIONS COMMISSION, *et al.*,

    Defendants,

_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

THIS CASE is before me on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (ECF No. 4). Plaintiff Judge Laura Watson seeks to enjoin an enforcement hearing scheduled to take place before Florida's Judicial Qualifications Commission ("FJQC") on Monday, February 10, 2014. The hearing is on allegations of professional misconduct that stem from the Plaintiff's role in the settlement of several Personal Injury Protection ("PIP") claims. Plaintiff alleges that the proceedings against her violate her rights to procedural and substantive due process under the Fifth and Fourteenth Amendments. I have reviewed the motion, the record, and the relevant legal authorities. For the reasons provided below, it is **ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction be **DENIED**.

Plaintiff seeks this Court's intervention in an ongoing quasi-judicial disciplinary proceeding by the FJQC. However, abstention is appropriate under *Younger v. Harris*, 401 U.S. 37, 44 (1971). The *Younger* abstention doctrine is based on the principle of equitable restraint described by the *Younger* Court as the notion of "comity." Comity includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National

Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris,* 401 U.S. 37, 44 (1971), *quoted in Middlesex County Ethics Comm. v. Garden State Bar Assn.,* 457 U.S. 423, 431 (1981).

*Younger* abstention effectively bars federal district courts from interfering with certain ongoing state proceedings. There are essentially three issues that must be addressed in order to invoke the *Younger* abstention: (1) whether the action constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See Middlesex County,* 457 U.S. at 432. If those questions are answered affirmatively then *Younger* abstention applies unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 435.

The quasi-judicial proceeding instituted by the FJQC is analogous to state bar disciplinary proceedings, which are sufficiently judicial in nature to warrant *Younger* abstention. *See Middlesex County Ethics Comm. v. Garden State Bar*, 457 U.S. 423 (1981); *see also Graham v. Wigginton*, 818 F. Supp. 336. 338 (M.D. Fla. 1993). Further, Plaintiff challenges the FJQC's process before it has even concluded, which is done through a recommendation to the Florida Supreme Court. In fact, the commission has yet to hold a hearing on the allegations against Judge Watson. The first prong of *Younger* is clearly satisfied because the FJQC's proceedings are quasi-judicial in nature and ongoing,

Courts have consistently found that state bar disciplinary proceedings constitute an important state interest. *See Middlesex County Ethics Comm. v. Garden State Bar*, 457 U.S. 423 (1981); *see also Graham v. Wigginton*, 818 F. Supp. 336. 338 (M.D. Fla. 1993). As previously discussed, the quasi-judicial proceeding instituted by the FJQC is analogous to state bar disciplinary proceedings. Thus, the discipline of state court judges constitutes an important state interest, which satisfies the second prong of *Younger's* abstention analysis.

Plaintiff will have an adequate opportunity to raise constitutional challenges. Should the Plaintiff take issue with the proceedings, FJQC Rule 21 provides for Florida Supreme Court review of the Investigative and Hearing panel proceedings pursuant to Florida Appellate Rules. In fact, the Supreme Court must adopt the panel's findings and recommendation of discipline. Thus, the Supreme Court, not the FJQC, makes the final determination. And should the party find it necessary, it may file a brief before the Court

makes its final determination. I find these procedures present the Plaintiff with an adequate opportunity to raise her constitutional claims.

Accordingly, it is, therefore, **ORDERED and ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (ECF No. 4) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 9th day of February 2014.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Laura M. Watson, pro se*
*Counsel of record*

3